## HOLMAN v. MARZOLF et al.
### No. 5TT.

District Court, E. D. Michigan, N. D.

Jan. 9, 1934.

Leo W. Hoffman and Clare E. Hoffman, both of Allegan, Mich., for plaintiff.

William C. Searl, of Lansing, Mich., Charles W. Austin, William M. Smith, and George G. Hunter, all of St. Johns, Mich., and Ralph L. Goggin, of Alma, Mich., for defendants.

TUTTLE, District Judge.

This matter comes before the court on the petition of the plaintiff, the receiver of an insolvent national bank, to be allowed to settle and compromise the amount due said bank upon the note and chattel mortgage on which this suit is based, and the court costs herein, by the payment, by the defendants, to the plaintiff, of the sum of $1,000, which settlement has been approved by the Comptroller of the Currency. This application is filed under section 5234 of United States Revised Statutes (section 192, tit. 12, United States Code [12 USCA § 192]), which, among other things, provides: "Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts."

The proposed settlement has been consented to by all the parties, and proofs have been taken in open court upon the advisability of the settlement.

The bill of complaint charges that the defendants Roy Marzolf and Lottie Marzolf, prior to the closing of said bank and the appointment of the plaintiff as such receiver, were indebted to said bank upon a promissory note and chattel mortgage; that on February 8, 1933, there was due upon said note and chattel mortgage the sum of $1,072.61; and that the chattel mortgage covered certain farm property belonging to said defendants; that plaintiff on said date, in a lawful manner, accompanied and assisted by the sheriff of the county of Gratiot, proceeded to make public sale of all the property covered by the said chattel mortgage; that the defendants other than Lottie Marzolf proceeded, by force and violence, to prevent said sale and by force and violence removed the plaintiff, from the place where he was attempting to hold said sale, to the residence of the defendant Roy Marzolf, where said plaintiff was held in custody; that said plaintiff was struck, thrown to the ground, kicked, and trampled and threatened with hanging, a rope being produced in his presence; that said plaintiff was threatened with further violence unless he would consent to deliver up said note and mortgage; that by reason of force and fear said plaintiff did so consent, and said note and mortgage were given up to the said defendant Roy Marzolf; that the said sheriff, at the demand of the defendants and through fear, then proceeded with a fraudulent sale, as a result of which all of the property covered by the said chattel mortgage, consisting of a large amount of live stock and farm machinery, was sold in parcels to various defendants for a few cents each, the total proceeds of all the pretended sales being only $3.80; and that the said defendants claim title to such property because of such fraudulent sale. The bill further alleges that the amount due on the note and chattel mortgage at the date of filing the bill was $1,084.85; that the said defendants other than Lottie Marzolf conspired to, and by these acts did, hinder the plaintiff in the execution of his duty to sell the property as a federal officer; and that this was done by such defendants in violation of the federal statutes. The relief prayed is that the defendant Roy Marzolf be required to surrender to plaintiff the said note and chattel mortgage, and that the defendants who bid in said property at said sale be required to deliver to plaintiff such property or to account for the full value of the same; that such property, if and when returned, be sold under order of this court; and that the defend-

ants who prevented said sale be required to pay any deficiency then remaining unpaid upon said note and chattel mortgage. The bill also prayed for general relief.

The defendants filed answers under oath, each either alleging lack of knowledge sufficient to answer or denying the use of threats and violence and denying that there was any conspiracy or concerted action on their part. It is stated in the answers that none of the property has been removed from the premises, except certain live stock sold, by said Roy Marzolf since said pretended sale, for $97.87.

After the case was at issue, but before a hearing thereon, the plaintiff filed a petition herein alleging that the defendants had offered to pay the plaintiff $1,000 in full settlement of the amount due upon said note and chattel mortgage and the court costs incurred by plaintiff, and that the Comptroller of the Currency had given his approval to said settlement. It was prayed that this court give its approval to the said settlement and compromise.

Because of the unusual features of the case, this court set the matter down for hearing on the said petition, and testimony has been taken in open court as to the offer and as to the value of the property covered by the chattel mortgage. No proof has been taken as to the threats, violence, and duress placed in issue by the bill and answers. The undisputed evidence shows that the value of the property covered by the chattel mortgage was and is the sum of $500; that the defendant makers of the note and chattel mortgage have no property of any kind, except such interest as they may have in the property covered by the chattel mortgage; and that the sum of $1,000 so offered in settlement of said note, mortgage, and costs has been raised and tendered by the other defendants because they fear criminal prosecution if this case goes to hearing and if proof is taken as to the issues raised by the bill and answers. Although it was stated to the court that no definite promise or agreement had been made not to bring criminal proceedings against the other defendants, it seems probable that such is the motive behind the offer, and that such is the unworded understanding.

■■■ If the suit went to final hearing, the plaintiff could recover a deficiency decree against the defendants Marzolf. From the proofs taken, it is plain that such personal decree would be uncollectible and of little or no value. There is, therefore, no doubt that the proposed settlement is a fortunate one from the standpoint of the plaintiff receiver. The proposed settlement is for less than the full amount owing upon the note and chattel mortgage by the defendants Marzolf, and, therefore, the court should approve of the settlement as fair to the defendants Marzolf. The only real problem presented to the court results from the fact that the defendants other than the defendants Marzolf cannot be held liable in this action for more than $500. They are not liable on the note and chattel mortgage. The plaintiff in his official capacity as receiver cannot recover from those defendants in this action for anything except the value of the property which the undisputed proofs fix at $500. It is plain that this court should not approve of this settlement if it is being made upon any express or implied agreement that it settles and compromises anything other than the indebtedness of the defendants to the plaintiff receiver in his official capacity. As a matter of law, this court could not grant immunity to any of the defendants from criminal prosecution. However, this court should not approve of the settlement if it is tainted by such a void arrangement. Those so-called other defendants may loan money to the defendants Marzolf or they may make the defendants Marzolf a present if they choose, but it must be expressly understood that their dealings and arrangements in that regard are entirely with the defendants Marzolf, and that no adjustment of any criminal matter is being made. This court is anxious to help in every proper way the depositors in closed banks, but it has no right to use the criminal law as a club to obtain money from those not owing it. The so-called other defendants are not liable on said note and mortgage and are not liable to the receiver for anything except the value of the property in question and for the costs of this suit. They must not be permitted to contribute more on any theory that they are securing immunity from the criminal law. If the parties to this suit wish to settle merely for the value of the property covered by the chattel mortgage, the balance remaining due on the note and chattel mortgage, and the costs of this suit, by paying to the plaintiff the sum of $1,000, the court is willing to approve such settlement and dismiss the suit. It must, however, be clearly understood that neither such settlement nor the dismissal of this suit shall in any way, except as otherwise stated in this opinion, release any of the defendants from any liability, either civil or criminal, to which they may be subject by reason of the alleged unlawful conspiracy or acts charged in said bill of complaint. The question as to instituting criminal proceedings has no place in this

opinion, and this court leaves that matter to the proper law-enforcing authorities, without suggestion or intimation.

An order may be entered in conformity to the terms of this opinion.